UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

\_\_\_\_\_

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:02-cr-105 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| RANDY G. STRIEBEL, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

This is a proceeding brought by a federal prisoner to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant is serving a prison sentence of 151 months, imposed by United States District Judge David W. McKeague by judgment entered March 17, 2003, after defendant pleaded guilty to conspiracy to manufacture more than 50 grams of methamphetamine. 21 U.S.C. §§ 846, 841(a)(1). Defendant's *pro se* motion and brief assert that the trial court violated his Sixth Amendment right to trial by jury when the court enhanced defendant's sentence under the federal sentencing guidelines on the basis of judge-made factual findings concerning drug quantity. Defendant invokes the recent Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and argues at length that the rule in *Booker* may be applied retroactively to upset a sentence on collateral review.

Promptly after the filing of a section 2255 motion, the court must undertake a preliminary review of the motion to determine whether "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled

to relief." Rule 4(b), RULES GOVERNING § 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS. If the movant is not entitled to relief, the court "shall make an order for its summary dismissal." *Id.* Dismissal without a hearing is appropriate if the defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). This section 2255 proceeding has been referred to me for the issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2255 Proceedings in the District Courts. Upon review of the record, I conclude that the petition is meritless and recommend that it be denied.

**<u>Proposed Findings of Fact</u>**

The facts necessary to resolution of defendant's section 2255 motion may be summarized briefly. Randy George Striebel and two other defendants were named in a two-count indictment filed on May 9, 2002, charging them with conspiracy to manufacture a substance containing more than 50 grams of methamphetamine and actual manufacture of more than 50 grams of the same drug. On August 26, 2002, defendant pleaded guilty to conspiring to manufacture a substance containing more than fifty grams of methamphetamine. 21 U.S.C. §§ 841, 846. In connection with the plea proceeding, the parties tendered to the court a signed plea agreement (docket # 54), which contained the following stipulation as to drug quantity:

> 3.    <u>The Defendant's Agreement Regarding Drug Quantity</u>. The Defendant admits that the quantity of methamphetamine with which he was involved relative to Count One, conspiracy to manufacture more than 50 grams of methamphetamine, was in fact more than 50 grams of methamphetamine and was more than sufficient to provide for the statutory penalty of five (5) years to forty (40) years in prison. The Defendant understands that this admission may be used in

determining his sentence and relieves the Government of any obligation to independently prove the substance of this admission.

(Plea Agreement, ¶ 3). On January 6, 2003, defendant wrote a letter to the court asking for a new attorney and essentially arguing that counsel had coerced him to plead guilty. On February 18, 2003, the parties appeared for sentencing, but Judge McKeague adjourned the hearing to permit defendant to file motions for the appointment of substitute counsel and to withdraw his guilty plea. On March 14, 2003, the court denied the motions. During the sentencing hearing, defendant told Judge McKeague that he did not object to being sentenced on the basis of a substance containing 734.6 grams of methamphetamine, the amount set forth in the presentence report. (Sentencing Tr., docket # 86, at 36-43). The court sentenced defendant to 151 months of imprisonment, plus a term of supervised release.

Defendant appealed as of right to the Sixth Circuit Court of Appeals. By unpublished order entered March 22, 2004, a panel of the Court of Appeals affirmed the conviction and sentence. Specifically, the court found that Judge McKeague did not abuse his discretion when he denied defendant's motion for the appointment of substitute counsel. Further, the court determined that Judge McKeague did not abuse his discretion in denying defendant's motion to withdraw his guilty plea. Finally, the court determined that the government did not breach the plea agreement by failing to file a motion for a downward departure under U.S.S.G. § 5K1.1. *United States v. Striebel*, No. 03-1381, 2004 WL 603941 (6th Cir. Mar. 22, 2004). Defendant did not petition for *certiorari*.

On March 18, 2005, defendant filed his *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (docket # 95). The lengthy and convoluted brief in support of the motion essentially sets forth a single ground for relief: a Sixth Amendment claim

-3-

challenging Judge McKeague's enhancement of defendant's sentence on the basis of judicial factfinding concerning the quantity of drugs involved in this case.[1]  Defendant argues at length that the rules established by the Supreme Court in *Booker* and in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), must be applied retroactively on collateral review.

### Discussion

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty beyond the statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."  530 U.S. at 498.  *Apprendi* involved a state statute, and its application to sentencing under the Federal Sentencing Guidelines remained unsettled for nearly five years.  In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court definitively applied the logic of *Apprendi* to federal sentencing, finding that the provisions of the Sentencing Guidelines making their application mandatory are unconstitutional. Defendant seeks to challenge his sentence retroactively by applying *Booker*.

In general, a criminal defendant may not rely on new rules of criminal procedure handed down after his conviction becomes final.  *See Schriro v. Summerlin*, 124 S. Ct. 2519, 2523 (2004).  Contrary to defendant's arguments, the Supreme Court's decision in *Booker* falls within this prohibition and is not subject to retroactive application.  In *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), the Sixth Circuit determined that the *Booker* decision announced a new rule of criminal procedure that cannot be invoked to upset convictions or sentences that become final before

---

[1] In passing, defendant alludes to other alleged violations of his rights, such as coercion of the guilty plea by his attorney.  These claims were considered and rejected by Judge McKeague and the Court of Appeals on direct review and cannot be relitigated in a section 2255 motion.  *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

-4-

*Booker* was announced.  The Court of Appeals further determined that the new rule enunciated by *Booker* does not fall within either of the two narrow exceptions to retroactivity recognized by the Supreme Court.  298 F.3d at 862-63; *see also Guzman v. United States*, No. 03-2446-PR, 2005 WL 803214 (2d Cir. Apr. 8, 2005) (The Second Circuit repeatedly citing with favor the Sixth Circuit's *Humphress* decision and joining the Sixth, Seventh, Tenth, and Eleventh Circuits in holding that "*Booker* is not retroactive.").  Consequently, under *Humphress*, a federal movant under section 2255 may not invoke *Booker* to challenge application of the sentencing guidelines on Sixth Amendment grounds, if the movant's conviction became final before *Booker* was announced.

Under Supreme Court authority, when a federal defendant takes a direct appeal to the Court of Appeals, his judgment of conviction becomes final for section 2255 purposes upon the expiration of the ninety-day period in which the defendant could have petitioned for *certiorari* to the Supreme Court, even though no *certiorari* petition has been filed.  *Clay v. United States*, 537 U.S. 522, 532 (2003); *see Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).  The Sixth Circuit issued its unpublished order in the present case on March 22, 2004.  Although defendant did not petition for *certiorari*, the ninety-day period for seeking Supreme Court review is nevertheless added, under *Clay*.  Defendant's conviction therefore became final on June 22, 2004.

*Booker* was not decided until the year 2005, many months after defendant's conviction became final.  Defendant is therefore precluded from relying on *Booker* to upset his conviction.[2]  Before *Booker* was announced, the rule in this circuit was that the federal sentencing guidelines, even if applied in a mandatory fashion, did not violate the Sixth Amendment.  *United*

---

[2] Under the same principles, defendant may not rely on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), which was issued after the present judgment became final.

*States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*).   In applying the Supreme Court's Sixth Amendment jurisprudence before *Booker*, the Court of Appeals uniformly rejected challenges to judicial findings regarding drug quantities, so long as the resulting sentence fell below the statutory maximum for the offense of conviction.   *Koch*, 383 F.3d at 440; *see United States v. Lawrence*, 308 F.3d 623, 634 (6th Cir. 2002).   Consequently, the Court of Appeals consistently rejected challenges under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in cases in which the sentence imposed by the court in a drug case did not exceed the statutory maximum encompassed by the quantity of drugs expressly admitted by defendant during his plea colloquy.   *See, e.g., United States v. Garcia*, 252 F.3d 838, 842-44 (6th Cir. 2001).   In such cases, the Court of Appeals uniformly held that the guilty plea waived the defendant's right to a jury trial, and that the defendant's admission of drug quantity established this sentencing fact without the need for additional proof.   *See, e.g., Regalado v. United States*, 334 F.3d 520, 527 (6th Cir.), *cert. denied*, 540 U.S. 1024 (2003); *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002).

In the present case, defendant stipulated in the plea agreement (¶ 3) that he was involved with over 50 grams of methamphetamine, and the plea hearing established that over 81 grams of methamphetamine were seized from defendant and his admitted co-conspirators.   (Plea Transcript, docket # 72, at 20-23).   At the plea hearing, Judge McKeague was careful to explain to defendant that the admitted quantity exposed defendant to a mandatory minimum of five years and a maximum of forty years.   (*Id.* at 12-15).   The actual sentence of 151 months fell well below the forty-year statutory maximum prescribed in 21 U.S.C. § 841(b)(1)(B) and thus was completely legal under the law as it existed before *Booker*.   Defendant's sentence was legal when imposed and remained legal through the date upon which it became final.   Defendant is precluded from

challenging his conviction on the basis of *Booker* or any other decision handed down after June 22, 2004.

## Recommended Disposition

For the foregoing reasons, I recommend that defendant's motion to vacate, set aside, or correct his sentence (docket # 95) be summarily denied.

Dated:   April 11, 2005                         /s/  Joseph G. Scoville
                                                United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).